UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 23-cr-175 (DWF/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Victor Demetrius Cole, | |
| Defendant. | |

This matter is before the Court on the parties' motions for discovery, disclosure and other non-dispositive relief. On July 21, 2023, the Court held a hearing (ECF No. 28) to address these motions and Mr. Cole's Motions to Suppress Evidence Obtained as the Result of a Warrantless Arrest and to Suppress Evidence Obtained from the Search of Cell Phones ("Motions to Suppress") (ECF Nos. 23, 24). The Court took the Motions to Suppress under advisement and will evaluate them in a separate report and recommendation to be issued after post-hearing briefing. During the hearing, the parties addressed Mr. Cole's Motion to Compel Disclosure of Identity of Informants (ECF No. 22), but otherwise waived oral argument on their motions for non-dispositive relief and rested on the written record. Based on the statements at the hearing, the parties' written submissions, and on the entire file, the Court enters the following Order.

I. **The Government's Motion for Discovery (ECF No. [4])**

The Government seeks discovery and disclosure as required by Rules 12.1, 12.2, 12.3, 16(b) and 26.2 of the Federal Rules of Criminal Procedure. The Government's motion is **GRANTED** insofar as Mr. Cole shall provide discovery to the extent required by the applicable

1

Rules. The obligation to provide discovery is continuing. With respect to expert discovery pursuant to Rules 16(a)(1)(G) and 16(b)(1)(C), the following deadlines shall apply:

a. Initial expert disclosures: **28 days** prior to trial.

b. Rebuttal expert disclosures: **14 days** prior to trial.

## II. Defendant's Motion for Discovery and Inspection (ECF No. [19])

Mr. Cole's motion is **GRANTED** insofar as the Government shall provide discovery to the extent required by Rules 16 and 26.2 of the Federal Rules of Civil Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all other applicable statutory and constitutional rules. The obligation to provide discovery is continuing. With respect to expert discovery pursuant to Rules 16(a)(1)(G) and 16(b)(1)(C), the following deadlines shall apply:

a. Initial expert disclosures: **28 days** prior to trial.

b. Rebuttal expert disclosures: **14 days** prior to trial.

## III. Defendant's Motion for Disclosure of Jencks Act Material (ECF No. [20])

Mr. Cole's Motion for Disclosure of Jencks Act Material at least fourteen days before trial is **DENIED**. The Court cannot compel early disclosure of Jencks Act Material. *See e.g., United States v. Douglas*, 964 F.2d 738, 741 (8th Cir. 1992). The Government has agreed to turn over its Jencks Act materials not later than three business days before trial, however. The Court encourages the Government to provide any Jencks Act material it has not already disclosed at least fourteen days prior to trial, and further encourages the government to engage in "open-file" discovery, if possible, to ensure there are no unnecessary delays at trial and promote the fairness of the proceedings.

IV.   **Defendant's Motion for Disclosure of 404(b) Evidence (ECF No. [21])**

Mr. Cole's motion for disclosure of evidence the Government may introduce pursuant to Federal Rule of Evidence 404(b) is **GRANTED**. The Government shall make such disclosures at least three weeks prior to trial.

V.   **Motion to Compel Disclosure of Identity of Informants (ECF No. [22])**

Mr. Cole seeks disclosure of the identity of two confidential informants. First is a cooperating arrested individual, who indicated they had a source for heroin and fentanyl from a house in St. Paul on O'Day Street ("CI-1"). Information from CI-1 led law enforcement to believe Mr. Cole was the source, and CI-1 allegedly confirmed Mr. Cole's identity based on a photograph. (ECF No. 22 at 1.) Second is a confidential reliable informant ("CI-2"), who provided information to the Minnesota Bureau of Criminal Apprehension about an individual selling fentanyl in St. Paul. (*Id.* at 1-2.) Information from CI-2 led law enforcement to believe Mr. Cole was the source, and CI-2 allegedly confirmed Mr. Cole's identity based on a photograph. (*Id.*) In addition, the government alleges CI-2 participated in a controlled buy of fentanyl from Mr. Cole in November 2022 and observed Mr. Cole selling fentanyl from the address on O'Day Street within 72 hours of police executing a search warrant at that address. (*Id.*) Neither CI-1 nor CI-2 participated in the offense conduct at issue in this case or was present during the execution of the search warrant, which led to the discovery of drugs and other evidence.

Mr. Cole does not own the house on O'Day Street, but instead rents a room in the house from another individual—Benjamin Magnuson—who has admitted to drug possession. (*Id.* at 3.) Mr. Cole argues that, without disclosure of the identity of these informants, "the defense will be unable to adequately investigate the informants' relationship to Mr. Magnuson and Mr. Cole and any incentives they may have had to misrepresent facts to law enforcement." (*Id.*) The

3

Government counters that both informants are mere 'tipsters,' such that Mr. Cole has not met his burden to establish "beyond 'mere speculation' that the informant's testimony would be material to the determination of the case." (ECF No. 26 at 3) (sic) (quoting *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991)). The Government further represents that it does not intend to call either informant to testify at Mr. Cole's trial. (ECF No. 26 at 3-4.)

"The Government has a general, although not absolute, 'privilege to withhold the disclosure of the identity of a confidential informant.'" *United States v. Washington*, No. 21-cr-126 (ADM/ECW), 2022 WL 538878, at *16 (D. Minn. Feb. 23, 2022) (quoting *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001)), *report and recommendation adopted*, 2022 WL 1658175 (D. Minn. May 25, 2022). "In a motion to compel disclosure of a confidential informant, the defendant bears the burden of demonstrating a need for disclosure." *United States v. Lapsley*, 334 F.3d 762, 763 (8th Cir. 2003) (citation omitted). "The court must weigh the defendant's right to information against the government's privilege to withhold the identity of its confidential informants." *Id.* at 763–64 (quotation omitted). There is no litmus test to determine whether disclosure is justified; instead, courts must consider "the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Rovario v. United States*, 353 U.S. 53, 62 (1957). "[O]ne of the most relevant factors to be weighed by the court in determining whether to order disclosure is whether or not the evidence is material to the accused's defense or a fair determination of the cause." *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991) (brackets omitted) (emphasis in original) (quoting *United States v. Barnes*, 486 F.2d 776, 778 (8th Cir. 1973)). "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* at 878 (citation omitted). And "defendants must

4

establish beyond mere speculation that the informant's testimony will be material to the determination of the case." *Harrington*, 951 F.2d at 877 (citation omitted).

Generally speaking, when the informant "is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense" such that disclosure is required. *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995). In contrast, in "cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required." *Harrington*, 951 F.2d at 878.

In this case, because there is no indication the informants witnessed or participated in the offense charged, and they will not be witnesses at Mr. Cole's trial, they are best characterized as tipsters whose identities generally are not material to the outcome of the case. *See id.* Mr. Cole has proffered no specific facts from which a reasonable inference might be drawn that the outcome of the proceedings might turn on the identity of either informant. Moreover, Mr. Cole appears to be guessing when he asserts one or the other informant might have an incentive to lie by pointing the finger at Mr. Cole. Indeed, at the hearing, Mr. Cole effectively conceded that the argument for disclosure is speculative. As the Eighth Circuit requires more than "mere speculation" that the informants' testimony will be material to the outcome of the case, and because, without more, the Court must deem these informants as tipsters whose disclosure is not required, the Court **DENIES** the motion.

**SO ORDERED**.

Dated: July 26, 2023                                    *s/ Dulce J. Foster*
                                                                            Dulce J. Foster
                                                                            United States Magistrate Judge