UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>v.<br><br>Victor Demetrius Cole,<br><br>          Defendant. | Criminal No. 23-175 (DWF/DJF)<br><br><br>**ORDER ADOPTING REPORT<br>AND RECOMMENDATION** |

## INTRODUCTION

Defendant Victor Demetrius Cole moves to suppress evidence obtained as the result of a warrantless arrest (Doc. No. 23) and evidence obtained through a search of cell phones (Doc. No. 24). In a Report and Recommendation ("R&R"), Magistrate Judge Dulce J. Foster recommended the following: (1) Cole's motion regarding the warrantless arrest be denied, and (2) Cole's motion related to the cell phones be denied with respect to the use of the evidence to impeach Cole, denied as moot with respect to the Government's use of the evidence in its case-in-chief, and granted for all other purposes. (Doc. No. 48.) Cole filed a partial objection to the R&R. (Doc. No. 51.) After an independent review of the record and objection, the Court adopts the Magistrate Judge's R&R.

## DISCUSSION

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local

Rule 72.2(b).  The relevant factual and procedural background for the above-entitled matter is clearly and precisely set forth in the Magistrate Judge's R&R and is incorporated by reference.

In the R&R, the Magistrate Judge concluded that the initial stop of Cole's vehicle constituted an arrest requiring probable cause because "the stop was accompanied by a significant show of force" and the record was devoid of evidence "that would justify such a show of force based solely on reasonable suspicion."  (Doc. No. 48 at 11.)

At the time of the arrest, the officers knew that Cole lived at the Oday Street Residence.  They received information from two confidential reliable informants that Cole was selling drugs from that location.  An officer surveilling the house witnessed a van leaving the Oday Street Residence, and when the officer pulled the van over, the driver had a bottle of fentanyl pills.  Another confidential informant reported seeing a large quantity of fentanyl at the Oday Street Residence.  After obtaining a warrant and searching the house, "officers found a large quantity of fentanyl and other items in a bedroom, which also contained personal documents addressed to Mr. Cole and no documents indicating anyone else used the room."  (*Id.* at 13.)  Based on this information, the Magistrate Judge concluded that the officers had probable cause to arrest Cole at the time of the stop.

The officers also conducted a valid search of Cole incident to his arrest.  Because the officers found cash and a scale with white powder in Cole's pockets, the Magistrate

2

Judge concluded that the officers had probable cause under the automobile exception to search the car for evidence of drug trafficking.[1]

The R&R also addressed the search of two cell phones seized from Cole's car. Because the Government stated that it would not use any of the evidence from the cell phones in its case-in-chief, the Magistrate Judge concluded that the motion to suppress was "moot with respect to the use of cell phone evidence for this purpose." (*Id.* at 16.) Additionally, Cole did not dispute that the evidence could be used to impeach him. The Magistrate Judge then addressed whether the evidence could be used in the Government's rebuttal and for impeachment of witnesses other than Cole. The Magistrate Judge ultimately concluded that the search warrant did not establish a link between the cell phones and Cole's alleged drug trafficking. The "mere fact that Mr. Cole happened to use a cell phone shortly before his arrest" was not enough "to create a nexus between the alleged illegal drug possession and the cell phones." (*Id.* at 18.) The Magistrate Judge therefore concluded that the search warrant lacked probable cause to search the cell phones. The Magistrate Judge further concluded that the good faith exception did not apply because "the Court has no information regarding who executed the Cell Phone Warrant, whether they received and read the warrant, whether the affidavit was attached

---

[1] The Magistrate Judge alternatively found that the officers had authority to impound the car and conduct an inventory search, as the "car inevitably would have to be towed because Mr. Cole had no valid driver's license, he was under arrest, there were no other passengers in the car who could drive it, and it presented a significant public safety risk because it was stopped on a freeway on-ramp." (Doc. No. 48 at 15.)

3

to the warrant, or what they knew generally about Mr. Cole's case to support probable cause for the search."[2] (*Id.* at 20.)

Cole partially objects to the R&R. He argues that the officers did not have probable cause to arrest Cole because the officers knew that another person, Magnuson, owned and lived in the home that Cole resided in and had a history of drug-related offenses. Moreover, Magnuson was home at the time of the search and hid drugs before the police could enter the home. Based on this information, Cole argues that the information was not enough to establish an honest and strong suspicion that Cole was responsible for the drugs found at the home. For those reasons, Cole argues that the officers did not have probable cause to arrest him and therefore the evidence from the subsequent search of his person and the vehicle should be suppressed.

Cole has not presented any new arguments in his objection. Rather, his above argument regarding probable cause for his arrest is the same argument Cole presented to the Magistrate Judge. The Magistrate Judge thoroughly considered this argument in the R&R and rejected it. Ultimately, the Magistrate Judge concluded that while the drugs found in the bedroom may have belonged to Magnuson, this is a defense Cole may present at trial. "[I]t does not undermine the conclusion that a reasonable officer could have believed the drugs in the bedroom belonged to Mr. Cole." (Doc. No. 48 at 14.) Having reviewed the case *de novo*, the Court agrees with the Magistrate Judge that the

---

[2] Neither party objects to this finding, and upon review, the Court finds no clear error.

officers had probable cause to arrest Cole and that the officers conducted a valid search of Cole's person and vehicle. The Court therefore denies Cole's motion to suppress evidence obtained as a result of the arrest.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Cole's objection (Doc. No. [51]) to Magistrate Judge Dulce J. Foster's October 25, 2023, Report and Recommendation is **OVERRULED**.

2. Magistrate Judge Dulce J. Foster's October 25, 2023, Report and Recommendation (Doc. No. [48]) is **ADOPTED**.

3. Cole's motion to suppress evidence obtained from warrantless arrest (Doc. No. [23]) is **DENIED**.

4. Cole's motion to suppress evidence from search of cell phones (Doc. No. [24]) is **DENIED** with respect to the use of the evidence to impeach Cole, **DENIED AS MOOT** with respect to the use of such evidence in the Government's case-in-chief, and **GRANTED** for all other purposes.

Dated: January 3, 2024            s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge