UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 23-cr-175 (DWF/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Victor Demetrius Cole, | |
| Defendant. | |

This matter is before the Court on Mr. Cole's Second Motion to Compel Disclosure of Identity of Confidential Reliable Informant ("Motion for Informant Identity") (ECF No. 76) and Motion to Compel Disclosure of Grand Jury Transcripts (ECF No. 77) (together, "Motions").

## BACKGROUND

Mr. Cole brought the Motions after the Government filed a Superseding Indictment in this matter ("Superseding Indictment") (ECF No. 52). The original Indictment charged Mr. Cole with possession with intent to distribute 400 grams of a mixture containing fentanyl (Count 1), and possession with intent to distribute a mixture containing fentanyl (40 grams), methamphetamine (50 grams), and an undefined quantity of heroin (Count 2). (ECF No. 1.) After conducting laboratory tests to conclusively identify the narcotics seized in its investigation, the Government superseded the original Indictment. (*See* ECF No. 80 at 2.) The Superseding Indictment charged Mr. Cole with possession with intent to distribute 500 grams of a mixture containing cocaine (Count 1), and possession with intent to distribute methamphetamine (50 grams) and undefined quantities of a mixture containing fentanyl, a mixture containing cocaine, and a mixture containing heroin (Count 2). (ECF No. 52 at 1.)

1

Both of Mr. Cole's Motions focus on the larger quantity of narcotics charged in Count 1. Law enforcement officers found the narcotics at issue in Count 1—which they initially identified as powder fentanyl (*see* ECF No. 33 at 16)—during their search of a bedroom believed to be occupied by Mr. Cole in a house owned by a third party with a known history of cocaine possession. (*See* ECF No. 76 at 4 n.5.) Mr. Cole argues the information requested in the Motions is necessary for him to develop his defense, apparently on grounds that the cocaine seized from the bedroom was not his, but instead belonged to the owner of the residence. (*See* ECF Nos. 76 at 4–5; 77 at 2.)

### I. Motion for Informant Identity

Law enforcement officers searched the residence and seized the narcotics at issue pursuant to a warrant. (*See* ECF No. 33 at 15-16.) The warrant was supported, in part, by information provided by a confidential reliable informant ("CRI"), who participated in a controlled buy of blue M30 fentanyl pills from Mr. Cole at a gas station near the residence (*see id.* at 14–15). Within 72 hours before the search, officers received information from the CRI that the CRI saw a large quantity of narcotics at the residence, including blue M30 fentanyl pills (*id.* at 15). The CRI did not participate in the offense conduct at issue in this case and was not present during the execution of the search warrant that led to the discovery of the narcotics at issue in the Motions. The Government does not intend to call the CRI to testify at Mr. Cole's trial. (*See* ECF No. 26 at 3–4.)

Mr. Cole previously moved for disclosure of the CRI's identity in a pretrial motion filed in response to the original Indictment. (ECF No. 22.) The Court denied that motion. (ECF No. 32 at 3-5.) Mr. Cole now brings his second motion to disclose the CRI's identity, arguing the revelation that the narcotics seized from the bedroom consisted of cocaine—and not fentanyl as

2

previously alleged—make the CRI an important witness as to the nature of the narcotics the CRI saw at the residence, where in the residence the CRI saw them, and whether the homeowner was also present at the time. (ECF No. 76 at 5.) The Government argues the nature of the substance seized from the bedroom is a distinction without a difference for purposes of this motion: The CRI's observations remain irrelevant, as the Government's "case relies solely on whether the [Mr. Cole] knowingly possessed the controlled substance found in his room." (ECF No. 80 at 2-3.) The Government contends Mr. Cole is merely speculating that the CRI's testimony could be material to his defense, which is not sufficient to warrant disclosure. (*Id.*)

"The Government has a general, although not absolute, 'privilege to withhold the disclosure of the identity of a confidential informant.'" *United States v. Washington*, 21-cr-126 (ADM/ECW), 2022 WL 538878, at *16 (D. Minn. Feb. 23, 2022) (quoting *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001)), *report and recommendation adopted*, 2022 WL 1658175 (D. Minn. May 25, 2022). "In a motion to compel disclosure of a confidential informant, the defendant bears the burden of demonstrating a need for disclosure." *United States v. Lapsley*, 334 F.3d 762, 763 (8th Cir. 2003) (citation omitted). "The court must weigh the defendant's right to information against the government's privilege to withhold the identity of its confidential informants." *Id.* at 763–64 (quotation omitted). There is no litmus test to determine whether disclosure is justified; instead, courts must consider "the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Rovario v. United States*, 353 U.S. 53, 62 (1957). "[O]ne of the most relevant factors to be weighed by the court in determining whether to order disclosure is whether or not the evidence is material to the accused's defense or a fair determination of the cause." *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991) (brackets omitted) (emphasis in

original) (quoting *United States v. Barnes*, 486 F.2d 776, 778 (8th Cir. 1973)).  "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* at 878 (citation omitted).  To obtain disclosure, "defendants must establish beyond mere speculation that the informant's testimony will be material to the determination of the case." *Harrington*, 951 F.2d at 877 (citation omitted).

Generally speaking, when the informant "is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense" such that disclosure is required.  *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995).  In contrast, in "cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required." *Harrington*, 951 F.2d at 878.

Here, the laboratory's identification of the narcotics as cocaine instead of fentanyl does nothing to affect the Court's analysis.  Mr. Cole is free to argue at trial that the cocaine was not his and that it belonged to the homeowner.  But the potential relevance of this information to his defense does not render the CRI's identity any more discoverable.  There is no indication the CRI witnessed or participated in the offense charged or had any knowledge of the cocaine found in the bedroom.  There is also no new indication from the Government that the CRI will be a witness at Mr. Cole's trial.  That the CRI states he saw fentanyl—and not cocaine—at the residence in the days before the search does nothing to prove or disprove the Government's contention that the cocaine found in the bedroom belonged to Mr. Cole.  Mr. Cole easily could be involved in the distribution of more than one kind of narcotic, and the discovery of narcotics in Mr. Cole's car identified in testing as methamphetamine, fentanyl, cocaine and heroin appears to support that

4

theory. And whether the homeowner was in the house when the CRI witnessed the fentanyl there is similarly irrelevant, since the charges are not in any way based on the fentanyl that the CRI witnessed. If anything, the identification of the narcotics at issue as powder cocaine and not powder fentanyl makes the CRI's observation of blue fentanyl pills in the home even less potentially relevant than it was before. Under these circumstances, the CRI is best characterized as a mere tipster whose information supported the warrant used to search the residence, but whose identity generally is not material to the outcome of the case. *See Harrington*, 951 F.2d at 878. Mr. Cole has proffered no specific facts from which a reasonable inference might be drawn that the outcome of the proceedings might turn on the identity of the CRI, and his suggestion that the identity of the CRI might be important to his defense appears to be purely speculative. Since more than "mere speculation" that the informant's testimony will be material to the outcome of the case is required, *see Harrington*, 951 F.2d at 877, the Court **DENIES** the motion.

**II.     Motion to Compel Disclosure of Grand Jury Transcripts**

Mr. Cole also seeks to compel the disclosure of grand jury transcripts based on the changes to Count 1 reflected in the Superseding Indictment. (ECF No. 77 at 1.) Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) allows for the disclosure of grand jury transcripts "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." A defendant seeking disclosure of grand jury transcripts must show a "particularized need" for the transcripts. *United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994). A defendant may demonstrate a particularized need by presenting specific evidence of prosecutorial overreach. *United States v. Lame*, 716 F.2d 515, 518 (8th Cir. 1983). Particularized need may also exist when a grand jury witness testifies at trial and the defendant seeks to use the grand jury transcript "to impeach [the] witness, to refresh his recollection, to test his credibility

and the like." *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222 n.12 (1979) (quoting *United States v. Procter & Gamble Co.*, 356 U.S., 677, 683 (1958)). There is a "well-established rule in this circuit that grand jury testimony is generally not discoverable on pretrial motion." *United States v. Pelton*, 578 F.2d 701, 709 (8th Cir. 1978) (citing *United States v. Harflinger*, 436 F.2d 928, 935 (8th Cir. 1970), *cert. denied*, 402 U.S. 973 (1971)).

Mr. Cole argues he has a particularized need for the transcripts because evidence presented to the grand jury of his alleged fentanyl possession would not support, and might even contradict, the Government's theory that the cocaine found in the bedroom was his. (ECF No. 77 at 2.) But Mr. Cole's alleged possession of fentanyl does not disprove the allegation that he might also have possession of cocaine. And to the extent the Government may have proffered evidence of Mr. Cole's history of fentanyl trafficking in the grand jury proceedings, such evidence—even if irrelevant or otherwise inadmissible at trial under the Rules of Evidence[1]—would not establish grounds to dismiss the Superseding Indictment on the basis of prosecutorial overreach. *See* Fed. R. Evid. 1101(d)(2) (providing that the Rules of Evidence do not apply to grand jury proceedings). Mr. Cole merely speculates that possible testimony regarding his alleged history of fentanyl possession might contradict the Government's new allegations, but this speculation is far from sufficient to meet his burden. The Government states that it will produce a copy of the transcripts if the sole witness who testified before the grand jury testifies at trial (ECF No. 80 at 3). Absent such testimony, Mr. Cole has not established a particularized need for the transcripts. The Court **DENIES** the motion for these reasons.

---

[1] In offering this observation, the Court does not seek to imply that any such evidence would in fact be inadmissible or to in any way supersede the role of the district judge charged with determining its ultimate admissibility.

6

**SO ORDERED**.

Dated: February 14, 2024              *s/ Dulce J. Foster*
                                     Dulce J. Foster
                                     United States Magistrate Judge